**AR–EX PRODUCTS CO., Plaintiff, Appellant,**

v.

**CAPITAL VITAMIN & COSMETIC CORP., Defendant, Appellee.**

No. 6554.

United States Court of Appeals
First Circuit.

Heard Oct. 5, 1965.

Decided Oct. 29, 1965.

Frank L. Kozol, Boston, Mass., with whom Lee H. Kozol, Thomas J. Ahern, Jr., and Friedman, Atherton, Sisson & Kozol, Boston, Mass., were on brief, for appellant.

Herbert D. Lewis, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE, Circuit Judge, and WYZAN-SKI, District Judge.

ALDRICH, Chief Judge.

 This case presents the narrow question whether plaintiff-appellant, a manufacturer who under local law could otherwise enforce fair trade agreements against a nonsigner, General Electric Co. v. Kimball Jewelers, Inc., 1956, 333 Mass. 665, 132 N.E.2d 652, is precluded from so doing because as a matter of regular procedure it replied to individuals inquiring as to the availability of its goods not only with information about local retail outlets, but with offers to sell directly to them in retail quantities.

Although plaintiff's power to bind signers and nonsigners to the terms of a fair trade agreement is created by local law, it can do so only by virtue of an exception to the fundamental federal policy that "[e]very contract * * * in restraint of trade or commerce * * * is declared to be illegal * * *." 15 U.S.C. § 1. The Miller-Tydings amendment to the Sherman Anti-Trust Act, 15 U.S.C. § 1, and the McGuire amendment to the Federal Trade Commission Act, 15 U.S.C. § 45, permit resale price maintenance agreements provided, *inter alia*, they are not " * * * between retailers, or between persons, firms, or corporations in competition with each other." 15 U.S.C. §§ 1, 45(a) (5). The district court held that since plaintiff was "in competition with the retail druggists with whom it has made its resale price maintenance contracts * * *," it was precluded by this proviso from claiming the fair trade exemption to the antitrust laws. Plaintiff appeals.

Plaintiff contends that it was not in competition with retail druggists because, as the court in substance found, its offers to sell in retail quantities were never accepted. We hold, however, that for purposes of the Miller-Tydings and Mc-Guire Acts, hereinafter the act,[1] a manu-

---

1. Strictly speaking we are concerned only with the McGuire Act, since the former is inapplicable to the nonsigner provisions

of state laws. Schwegmann Bros. v. Calvert Distillers Corp., 1951, 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035. How-

facturer is "in competition" with retailers if he holds himself out as selling his products to consumers in the same market in retail quantities, regardless of the success *vel non* of his retail operations.

■ Whether or not plaintiff possesses all of the characteristics of a "retailer,"[2] as used in the act this term and the phrase "in competition with each other" are separate concepts, either of which is sufficient to negative the act's protection against an otherwise illegal contract. Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 1957, 246 F.2d 17, cert. den. 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46; Johnson & Johnson v. Avenue Merchandise Corp., fn. 2, supra. The strength of the national policy favoring free competition requires that the act be construed against parties seeking the benefit of its exceptions. United States v. McKesson & Robbins, Inc., 1956, 351 U.S. 305, 316, 76 S.Ct. 937, 100 L.Ed. 1209. Certainly in one meaning, "in competition" refers to the seeking of the same customers without regard to the success of the endeavor.

It has been suggested that the very circumstance that a manufacturer's attempts to sell to retail customers are ineffectual might encourage it to insulate itself "from the inroads of more efficient operators by setting its 'fair trade' prices higher than otherwise."[3] Protection of this sort seems clearly outside the purpose of the fair trade laws. However that may be, the principle advocated by the plaintiff would give a manufacturer who seeks to sell in retail quantities an undue advantage. Even if it might be possible it would scarcely be practical for a small local retailer to ascertain currently the success of a manufacturer's mail order solicitation. We do not believe that plaintiff, the party seeking relief, and sitting, so to speak, with a closed hand,

should place the burden upon the defendant to discover whether it is a good one. If plaintiff's apparent competition is so ineffectual as not to be real it can readily give it up. To seek to enjoin the defendant while it continues its own endeavors falls little short of heads-I-win-tails-you-lose.

Affirmed.

---

ever, in the parts relevant to this decision, the statutes are identical.

2. See discussion in Johnson & Johnson v. Avenue Merchandise Corp., S.D.N.Y., 1961, 193 F.Supp. 282.

3. This quotation is taken from an argument referred to in United States v. McKesson & Robbins, Inc., supra, at 315 n. 20, 76 S.Ct. 937, but which the court did not pass upon.